UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BECKY RAMSEY-LEDESMA, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-cv-0118-M |
| CENSEO HEALTH, LLC, *et al.*, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court are separate Objections to an April 4, 2017 Order by U.S. Magistrate Judge Irma Carrillo Ramirez granting in part and denying in part Relator's Motion to Compel, filed by (1) Defendants Censeo Health, LLC ("Censeo) and Joy Ridelhuber [ECF #140], and (2) Defendant Altegra Health, Inc. [ECF #142]. By their Objections, Defendants contend that the Magistrate Judge erred in holding that the proper temporal scope of discovery in this case is January 1, 2012 to December 31, 2014 and request that this Court limit discovery to the period from January 1, 2013 to January 15, 2014.

A party appealing a magistrate judge's order must demonstrate how the order is reversible under the applicable standard of review—*de novo* for errors of law, clear error for factual findings, or abuse of discretion for discretionary matters. *See, e.g. Hoffman v. L & M Arts*, 2013 WL 655014, at *2 (N.D. Tex. Feb. 21, 2013) (Fitzwater, J.). "Except as to issues of law that are reviewed *de novo*, district judges do not sit as second-tier decisionmakers concerning discovery matters referred to the magistrate judge." *Id.* (quoting *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, J.). "And in matters of discretion—and discovery decisions are usually quintessential examples of the

exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." *Id*.

Defendants argue the scope of discovery in cases brought under the False Claims Act ("FCA") is narrowly limited to the particular allegations that survive a Rule 9(b) challenge, and that, in this case, the Magistrate Judge's decision regarding the temporal scope of discovery is contrary to law because Relator's Second Amended Complaint does not include particularized allegations of fraud prior to March 2013, when Relator began working for Censeo, or after January 15, 2014, the date Relator commenced this action by filing her Original Complaint. However, discovery in False Claims Act cases is not as narrowly circumscribed as Defendants contend. It is well-established that discovery matters in such cases—like any other civil actions—are committed to the sound exercise of the trial court's discretion. *See, e.g. U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 465 (5th Cir. 2015) (recognizing in FCA case that "[a] district court has broad discretion in all discovery matters . . ."); *U.S. ex rel. King. v. Solvay S.A.*, 2013 WL 820498, at *2 (S.D. Tex. Mar. 5, 2013) (same).

Here, the record reflects that Judge Ramirez thoughtfully exercised her discretion to establish a reasonable scope for discovery in this case after carefully considering the parties' arguments concerning the relevance of the time period at issue to the claims in dispute and the purported burden of complying with Relator's discovery requests. Judge Ramirez reviewed the parties' written submissions, held a hearing, and conducted a follow-up telephone conference. Her decision that the temporal scope of discovery should include a three-year period encompassing the calendar year during which Relator worked for Censeo, the immediately preceding calendar year, and the calendar year following her dismissal is reasonable and will not be second-guessed by the Court. Defendants have not met their burden to show that the law

requires a narrower time frame or that this three-year period represents an abuse of the court's discretion to determine the scope of discovery.

Accordingly, Defendants' Objections [ECF #140 & #142] are OVERRULED.

**SO ORDERED**.

May 12, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE