# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* BECKY RAMSEY-LEDESMA | ) | |
| | ) | **Civil Action No. 3:14-CV-00118-M** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Judge Barbara M.G. Lynn** |
| | ) | **Magistrate Judge Irma Carillo Ramirez** |
| CENSEO HEALTH, L.L.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CENSEO HEALTH, LLC'S AND JOY RIDLEHUBER'S OPPOSITION TO RELATOR'S MOTION TO EXTEND CERTAIN DEADLINES IN THE COURT'S SCHEDULING ORDER

AKIN GUMP STRAUSS HAUER & FELD LLP
Elizabeth D. Scott
Texas State Bar No. 24059699
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Robert Salcido (*admitted pro hac vice*)
D.C. Bar No. 447951
1333 New Hampshire Ave. NW, Suite 4000
Washington, DC 20036
Telephone: (202) 887-4095
Facsimile: (202) 887-4288
rsalcido@akingump.com

BASS, BERRY & SIMS PLC
Brian D. Roark (*admitted pro hac vice*)
Tennessee State Bar No. 20262
J. Taylor Chenery (*admitted pro hac vice*)
Tennessee State Bar No. 27147
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201-3001
Telephone: (615) 742-7753
Facsimile: (615) 742-0442
broark@bassberry.com
tchenery@bassberry.com

*Attorneys for Defendants Censeo Health, LLC and Joy Ridlehuber*

## <u>TABLE OF CONTENTS</u>

**PROCEDURAL BACKGROUND** ...................................................................................3

**LEGAL STANDARD** ....................................................................................................5

**ARGUMENT** ...................................................................................................................6

**I.      The Amendment and Joinder Deadlines Should Not Be Extended Further.** ................................................................................................................6

      **A.      Relator's explanations for her failure to meet the August 1, 2017 deadlines are based on faulty premises.** .........................................6

      **B.      Relator fails to establish the importance of extending the amendment and joinder deadlines.** ...........................................................8

      **C.      Further extending the amendment and joinder deadlines would be extremely prejudicial to Censeo.** ..............................................9

      **D.      A continuance cannot remedy the prejudice to Censeo.** ......................12

**II.     The Fact Discovery and Expert Discovery Deadlines Should Not Be Extended.** .............................................................................................................12

      **A.      Relator provides conclusory, unsupported explanations for not being able to meet the fact and expert discovery deadlines.** ................13

      **B.      Relator fails to establish the importance of modifying fact and expert discovery deadlines.** ....................................................................14

      **C.      Modifying the fact and expert discovery deadlines would prejudice Censeo.** ...................................................................................14

      **D.      A continuance cannot remedy the prejudice to Censeo.** ......................15

**CONCLUSION** .............................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Carmona v. Carmona,
    2006 WL 3839851 (S.D. Tex. Dec. 8, 2006)..........................................................................9

Grant v. City of Houston,
    625 F. App'x 670 (5th Cir. 2015) ...........................................................................................11

Great Am. Ins. Co. v. Goin,
    2016 WL 6778309 (N.D. Tex. Nov. 16, 2016).........................................................................6

King v. Life Sch.,
    2011 WL 5242464 (N.D. Tex. Nov. 3, 2011).........................................................................11

S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,
    315 F.3d 533 (5th Cir. 2003) ............................................................................................5, 11

U.S. ex rel. Bingham v. HCA, Inc.,
    2016 WL 6027115 (S.D. Fla. Oct. 14, 2016).......................................................................10

U.S. ex rel. Grubbs v. Kanneganti,
    565 F.3d 180 (5th Cir. 2009) ..........................................................................................10, 11

U.S. ex. rel. Walterspiel v. Bayer A.G.,
    2014 WL 7332303 (M.D.N.C. Dec. 19, 2014) ....................................................................10

U.S. ex rel. Walterspiel v. Bayer AG,
    639 F. App'x 164 (4th Cir. 2016) .........................................................................................10

United States v. Vista Hospice Care, Inc.,
    2016 WL 1701840 (N.D. Tex. Apr. 28, 2016) .......................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 16(b)(4)..................................................................................................................5

Fed. R. Civ. P. 9(b) .....................................................................................................................10

Relator Becky Ramsey's ("Relator") Motion to Extend ("Motion") should be denied because Relator has not carried her burden to show good cause to extend either the deadlines to amend the complaint and join parties or the deadlines for fact and expert discovery.

The deadline to amend pleadings and join parties already has been extended twice—by the Court from May 18, 2017 to June 18, 2017, and by agreement of the parties from June 18, 2017 to August 1, 2017.  Relator filed the instant Motion for a third extension on the eve of the current deadline and argues that it should be moved to September 15, 2017, so that she and her consulting experts can have additional time to review Defendants' document productions in order to decide whether to amend her complaint or join additional parties.  Given that all of the Defendants' document productions are substantially complete, Relator is not entitled to a third extension of the deadline.  Nothing in the Scheduling Order, the Federal Rules, or any case law requires that an amendment or joinder deadline come six weeks after the completion of the defendants' document productions.  And, even if the joinder and amendment deadlines are not extended, Relator could file a motion to amend her complaint if she believes she has good cause to do so, which would allow the Court to assess specifically any amendments that Relator proposes.

Relator also argues that it is not "fair and just to require Relator to prepare a motion to amend her pleadings and join additional parties by August 1 when her experts have only had ten business days to evaluate the codes and assessments provided by Censeo to Humana."  (Mot. at 7.)  Putting aside the factual accuracy of that argument, any amendment to the complaint or the joinder of additional parties must be based on Relator's own personal knowledge and not the assertions of her experts.  Relator is the party here, not her experts.  To the extent that Relator is using discovery to fish for facts to join parties or add claims, that would subvert the discovery

process because a *qui tam* relator cannot use information learned in discovery to plead claims of fraud that she could not otherwise have pled without access to that discovery. Furthermore, joining parties or adding claims more than three and a half years into this litigation would only serve to dismantle the Scheduling Order and subject Defendants to further delay and expense.

Relator argues that the current fact and discovery deadlines are "unachievable under the current schedule" but provides no specifics to support that claim. (Mot. at 2.) Because Defendants have substantially finished their document productions, there is no reason to believe that the parties cannot complete fact discovery in the *four months* prior to the November 30, 2017 fact discovery deadline.  Relator has yet to schedule a single deposition or otherwise indicate why depositions cannot be finished prior to that deadline.  Despite her burden to do so, Relator fails to provide any reason or explanation about why the remaining four-month period for fact discovery is insufficient.  Rather than explain why she cannot meet the current deadline, Relator simply asserts that she needs more time.  That is insufficient as a matter of law to establish good cause to amend a scheduling order.

Likewise, with the expert discovery deadlines, Relator provides no rationale for not being able to make expert disclosures by October 3, 2017.  Relator's proposed extension would have the end of fact discovery coincide with the dispositive       motion deadline and would allow expert depositions to continue past when the parties must file for summary judgment.  Not having fact and expert discovery complete in time to be considered in the preparation of summary judgment motions would severely prejudice Censeo and represent a bizarre departure from the standard practice of litigation in the federal courts.

Relator's Motion to Extend should be denied in its entirety.

## PROCEDURAL BACKGROUND

This lawsuit has been pending since January 15, 2014.  (*See* Dkt. No. 1.)   After the United States declined intervention in the lawsuit, the Court unsealed the case more than two years ago on June 17, 2015, and ordered Relator to serve the complaint. (*See* Dkt. No. 24.)   In the operative pleading at that time—the First Amended Complaint—Relator asserted claims not only against Defendants Censeo Health, LLC ("Censeo") and Altegra Health, Inc. ("Altegra," and collectively, "Defendants") but also named as defendants 22 health plan entities with whom Censeo contracted.

On November 4, 2015, Relator sent a letter to the Court stating that "[i]n an effort to streamline the litigation," Relator had decided to serve the lawsuit only on Censeo, Altegra, Humana, Tufts, and three employees of Censeo.  (Dkt. No. 49 at 1.)  Furthermore, "[t]o ensure that the pleadings properly reflect that the Relator intends to proceed against only the aforementioned defendants . . .," *id*. at 1-2, Relator filed a Second Amended Complaint ("SAC") on November 25, 2015.  (*See* Dkt. No. 66.)

All defendants filed motions to dismiss the Second Amended Complaint.  The Court granted the motions to dismiss as to Humana, Tufts, and two individual Censeo employees.  (*See* Dkt. No. 110.)  However, "because this [was] the first time Relator has had the benefit of the Court's analysis of the sufficiency of her pleading," the Court afforded Relator 30 days to replead the claims against Humana, Tufts, and the two Censeo employees that had been dismissed.  (*Id.* at 28-29.)  On October 26, 2016, Relator filed a Notice informing the Court that "she will not be amending her Second Amended Complaint, as pleaded, and will proceed with the litigation on the basis of her current pleading." (Dkt. No. 113.)  After that Notice was filed, the Court ordered the parties to hold a scheduling conference (*see* Dkt. No. 118) and then entered the Scheduling Order in this matter.  (*See* Dkt. No. 121.)

In her Motion, Relator casts several aspersions regarding the pace of discovery, including that Defendants have intentionally delayed the production of documents "such that certain deadlines in the current Scheduling Order are no longer achievable," employing a strategy to "'slow boat' the productions and get past critical deadlines, and then give Relator the proverbial 'bum's rush.'"   (Mot. at 2, 14.) Those claims are false.   Rather than engage separately each of Relator's baseless characterizations and assumptions, Censeo would note the extraordinary efforts that it has taken to comply with its discovery obligations in a timely fashion.   Between March 31, 2017 and July 31, 2017, Censeo has produced approximately 12 million pages of documents to Relator.  (App. at 3-4, Declaration of Kathryn Hannen Walker (August 9, 2017) (hereinafter "Walker Decl.") ¶ 8.) The vast majority of those documents consist of the underlying medical records supporting the in-home assessments conducted by Censeo's physicians.  (App. at 5-6, Walker Decl. ¶ 13.) Censeo also has produced the coding data generated from assessments of members of Humana and Tufts between 2012 and 2014, as well as other responsive documents from custodial and non-custodial sources including, for example, audit-related documents, policies and procedures, and voluminous email correspondence. (App. at 4, Walker Decl. ¶ 9.)  To date, completing this document production has involved:

- 16 contract lawyers who performed "first-line" document review.  Between January 1, 2017 and July 31, 2017, those lawyers worked 4,810 hours.

- 13 lawyers at Bass, Berry & Sims to coordinate collection and review and to perform second-line review.  Between January 1, 2017, and July 31, 2017, those lawyers worked approximately 2,600 hours.

- 3 litigation technology professionals at Bass, Berry & Sims to handle processing and collection of data. Between January 1, 2017 and July 31, 2017, these professionals have worked approximately 600 hours.

- 3 Information Technology professionals at Censeo searching for, identifying, and collecting data and documents requested by Bass, Berry & Sims, including a labor-intensive search of Censeo's internal data repositories for archived assessment forms and other information from the relevant time period.

(App. at 5, Walker Decl. ¶¶ 11–12.)

Censeo made document productions to Relator on March 31, 2017; April 28, 2017; May 19, 2017; May 26, 2017; June 2, 2017; June 6, 2017; June 22, 2017; July 14, 2017; July 18, 2017; and July 31, 2017.   (App. at 3, Walker Decl. ¶ 6.) As of July 31, 2017, Censeo has produced substantially all of the documents that it has located that are responsive to Relator's discovery requests. (App. at 3, Walker Decl. ¶ 7.)

## LEGAL STANDARD

The Scheduling Order in this case may be modified only "upon a showing of good cause and by leave of court." (Dkt. No. 121 ¶ 14); *see also* Fed. R. Civ. P. 16(b)(4).  Furthermore, "[i]t is only under truly extraordinary circumstances that the Court will reset the trial date."   (Dkt. No. 121 ¶ 14.)

With respect to scheduling orders, the Fifth Circuit has stated that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  Courts within the Fifth Circuit consider four factors in determining whether the moving party has established good cause: "(1) the

5

explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Great Am. Ins. Co. v. Goin*, No. 3:15-CV-75-L, 2016 WL 6778309, at *1 (N.D. Tex. Nov. 16, 2016) (citing *S&W Enters.*, 315 F.3d at 536) (denying motion to extend deadlines in the scheduling order because the court disagreed with the moving party that the motion would not affect other deadlines including the deadline for summary judgment motions and the trial date and disagreed with the moving party that the non-moving party would not be prejudiced).

Censeo will address each of those four factors as they apply to Relator's motion to extend both (1) the amendment and joinder deadlines and (2) the fact and expert discovery deadlines.

## ARGUMENT

**I.      The Amendment and Joinder Deadlines Should Not Be Extended Further.**

**A.      Relator's explanations for her failure to meet the August 1, 2017 deadlines are based on faulty premises.**

Relator offers two explanations for failing to meet the August 1, 2017 amendment and joinder deadlines.  First, she argues that Defendants' pace of producing documents has been too slow, and that she is entitled to "a full month to evaluate the assessments, codes and documents from Defendants' substantially complete productions before having to decide whether to file a motion to amend the pleadings or add new parties."  (Mot. at 8.)  Second, Relator argues that the Court should again extend the amendment and joinder deadlines because her experts have not had sufficient time to review Defendants' productions: "How is it fair and just to require Relator to prepare a motion to amend her pleadings and join additional parties by August 1 when her experts have only had ten business days to evaluate the codes and assessments provided by

6

Censeo to Humana . . . ."  (Mot. at 7.)  Neither argument provides a valid excuse for failing to meet the August 1 deadlines.

As to the first argument, nothing in the Court's Scheduling Order or the Federal Rules requires Defendants to fully complete their document productions prior to an amendment or joinder deadline.  The January 26, 2017 Scheduling Order originally set the amendment and joinder deadlines at less than four months into a 10-month fact discovery period, implying that document productions likely would not be completed prior to those deadlines.  On April 4, 2017, Magistrate Judge Ramirez moved the amendment and joinder deadlines to June 18, 2017, based on representations "that the 'bulk' of those productions would be completed no later than the end of June."  (Mot. at 6.)  Magistrate Judge Ramirez did not order that document productions be completed prior to the deadline and, notably, she set the new deadline *prior to* the date that Defendants represented they would complete their productions.

Because it did take longer to produce documents than expected, Defendants subsequently agreed to move the deadline from June 18, 2017, to August 1, 2017.  Despite Defendants having now substantially completed their document productions in advance of the August 1, 2017 deadline, Relator asks for still more time to continue to evaluate the documents produced.  Further extension of the deadline is unwarranted.  Relator offers no explanation why she has been unable to assess any potential need to amend her complaint even after Defendants completed the bulk of their productions well in advance of the amendment deadline.[1]

---

[1]      Censeo produced well in excess of half of the documents that they would produce in this case by June 22, 2017—39 days before the current deadline of August 1, 2017.  Although Relator asserts— without basis—that production of the extraordinary number of assessment forms and coding data responsive to her discovery requests "does not count toward the 'substantially complete' metric," (Mot. at 9 n.8), Censeo had produced well in excess of half of their non-assessment form documents by June 6, 2017—55 days before the current deadline of August 1, 2017.

As to the second argument that Relator needs more time for her experts to be able to review Defendants' document productions, this *qui tam* lawsuit was filed by Relator, presumably based on her own personal knowledge.  To the extent Relator argues that she is entitled to use expert discovery to fish for facts to join parties or add additional claims, that constitutes an improper use of the discovery process in an FCA case; Relator may not use information learned through discovery to plead claims of fraud that Relator could not otherwise have pled without access to that discovery.  Relator is not entitled to extension of the amendment and joinder deadlines to afford more time for her experts to review Defendants' document productions.[2] Because Relator does not explain why she failed to meet the joinder and amendment deadlines despite two previous extensions of those deadlines and despite Defendants' extensive document productions well in advance of those deadlines, the first factor of the good cause analysis weighs against finding good cause to extend those deadlines.

**B.      Relator fails to establish the importance of extending the amendment and joinder deadlines.**

Relator does not indicate whether she actually intends to seek to join additional parties or to substantively amend her allegations.  Instead, she argues only that she "needs more time" to make a decision.  Relator is already on the third iteration of her complaint, and she provides the Court with no articulation of how additional time will affect her decision or what additional information she needs to be able to decide to join parties or add claims.  Her motion is completely silent on that point, and that is insufficient to carry Relator's burden for delaying these deadlines.  *See United States v. Vista Hospice Care, Inc.*, No. 3:07-CV-0604-M, 2016 WL 1701840, at *4 (N.D. Tex. Apr. 28, 2016) (declining to find good cause to modify the scheduling

---

[2]      Moreover, Relator's argument misses the mark factually—her Motion acknowledges that she (and her expert) have had the ability to link Tufts coding data and assessments and analyze them together ever since those documents were produced on May 19, 2017.  (*See* Mot. at 7 n.6.) She simply chose not to do so.

order where the "[r]elator's chances of prevailing on her current claims [were] unaffected by her proposed amendments."). Baldly asserting that a party needs more time without any explanation about why the party needs more time or what the party intends to do with more time does not establish good cause to modify a scheduling order. *See Carmona v. Carmona*, *No.* CIV.A. H-06-0228, 2006 WL 3839851, at *2–3 (S.D. Tex. Dec. 8, 2006) (holding there was not good cause to modify the scheduling order where Plaintiff moved because he needed more time for discovery but did not show good reason for needing more time). In addition, if Relator believes that she has good cause to amend her complaint, she can file a motion to do so. Because Relator fails to establish the importance of extending the joinder and amendment deadlines, the second factor of the good cause analysis weighs against modifying those deadlines.

### C. Further extending the amendment and joinder deadlines would be extremely prejudicial to Censeo.

Evaluating the prejudice to Censeo from further extending the amendment and joinder deadlines depends on the substance of any eventual amended complaint filed by Relator. Prior to commencement of discovery, "[i]n an effort to streamline the litigation," (Dkt. No. 49 at 1), Relator filed a Second Amended Complaint that reduced the party defendants in this case from 27 to 7. (*See* Dkt. No. 66.) And, when the Court dismissed Humana, Tufts, and two Censeo employees with leave to amend, Relator chose not to amend her allegations as to those parties but moved forward with discovery as to Censeo, Joy Ridlehuber, and Altegra. (*See* Dkt. No. 113.)

If Relator now intends to file a Third Amended Complaint to further tighten or clarify her allegations, Censeo acknowledges that is unlikely to cause them prejudice. However, if Relator is instead using the discovery process in an attempt to gin up new claims or new parties, that will cause significant prejudice to Censeo because (1) it is inappropriate for a relator in a *qui tam* case

to use facts gained in discovery to broaden her lawsuit, and (2) adding parties or claims at this late date would almost certainly require further extensions of the discovery deadlines and result in additional, significant expense to Censeo.

As to the first point, an FCA relator cannot use information learned in discovery to plead claims of fraud that she could not otherwise have pled without access to that discovery. For example, in *U.S. ex rel. Bingham v. HCA, Inc.*, No. 13-23671-CIV, 2016 WL 6027115 (S.D. Fla. Oct. 14, 2016), the district court had previously granted the defendant's motion to dismiss claims in the relator's first amended complaint related to Aventura medical center, with leave to amend, and allowed the relator's claims related to certain other entities to go forward into discovery. The relator later filed a second amended complaint to attempt to restate claims against Aventura that relied on information gained through discovery into his other claims.  The court dismissed the claims against Aventura holding that without facts learned in discovery, the complaint did not meet the particularity requirements of Rule 9(b).  *Id.* at *5; *see also U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009) ("Rule 9(b) also prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'"); *U.S. ex. rel. Walterspiel v. Bayer A.G.*, No. 1:12CV773, 2014 WL 7332303, at *6 (M.D.N.C. Dec. 19, 2014), subsequently aff'd sub nom. *U.S. ex rel. Walterspiel v. Bayer AG*, 639 F. App'x 164 (4th Cir. 2016) ("[T]here is no basis to allow discovery so that [Relator] can attempt to obtain the facts necessary to state a valid claim. . . .  [because] '[t]he clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.'") (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999)).

In her Motion, Relator argues that the amendment and joinder deadlines should be extended so that her experts can have additional time to review documents produced by

Defendants (*see* Mot. at 7), which suggests that Relator is seeking to use the discovery process to fish for new claims or new party defendants.  That violates principles of *qui tam* discovery, which is to be "targeted to the claims alleged, avoiding a search for new claims," *U.S. ex rel. Grubbs*, 565 F.3d at 195, and is not a basis for extending the amendment and joinder deadlines.

As to the second point, Censeo already has incurred significant expense responding to Relator's "streamlined" Second Amended Complaint.  Counsel for Censeo have spent almost 8,000 hours of professional time collecting, reviewing, and producing documents in response to Relator's First Set of Requests for Production, which were contoured specifically to the Second Amended Complaint.   (App. at 4, Walker Decl. ¶ 10.) That is equal to approximately 200 40-hour work weeks, or the time of a single full-time professional for four years.  (App. at 5, Walker Decl. ¶ 11.) Adding new claims at this date—after Censeo has substantially completed its review and production of responsive documents—would disrupt scheduling deadlines and likely require Censeo to have to redo discovery-related efforts, which would be extremely prejudicial.  *See King v. Life Sch.*, No. 3:10-CV-0042-BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011) (holding that the plaintiff failed to establish good cause where allowing amendment of the complaint to include new claims would "require essentially restarting the lawsuit for amended pleadings, discovery and motions"); *S&W Enterprises*, 315 F.3d at 536–37 (declining to allow the plaintiff to amend the complaint where allowing the plaintiff to assert a different cause of action would prejudice the defendant who would have to conduct additional discovery); *Grant v. City of Houston*, 625 F. App'x 670, 679–80 (5th Cir. 2015) (declining to overturn the district court's denial of a motion to amend the complaint because the defendants would be prejudiced by delay in filing an amended complaint and would incur additional costs associated with newly added claims).

In contrast, denying Relator's motion to extend the joinder and amendment deadlines will not prejudice Relator because, should she decide to seek leave to amend her complaint, the Court could consider her motion to amend with the benefit of having a proposed Third Amended Complaint to evaluate under the applicable good cause standard. (Dkt. No. 121 ¶ 3.)  Because extending the amendment and joinder deadlines would be extremely prejudicial to Censeo, the third factor of the good cause analysis weighs against modifying those deadlines.

### D.      A continuance cannot remedy the prejudice to Censeo.

Relator has not moved for a continuance, and the Court has ordered that it will only move the trial date in "truly extraordinary circumstances."  (Dkt. No. 121 ¶ 14.) Because Relator fails to explain why she could not meet the joinder and amendment deadlines or why extending those deadlines is important to the case, she necessarily fails to establish extraordinary circumstances that could warrant continuing the trial date.  Moreover, as described above, a continuance would only prejudice Censeo further—not remedy such prejudice—because Relator potentially could seek to add new claims or additional parties to an amended complaint that would require Censeo to continue to bear the extreme costs of defending this long-pending lawsuit for even longer. Thus, the fourth factor of the good cause analysis strongly weighs against modifying the amendment and joinder deadlines.

## II.      The Fact Discovery and Expert Discovery Deadlines Should Not Be Extended.

As with her request to extend the joinder and amendment deadlines, Relator similarly has failed to establish good cause for extending the fact discovery and expert discovery deadlines under the applicable four-factor test.

## A.   Relator provides conclusory, unsupported explanations for not being able to meet the fact and expert discovery deadlines.

Relator argues that the current fact discovery and expert discovery deadlines are "unachievable under the current schedule," (Mot. at 2,) but provides no specifics to support that claim.  Her Motion consists primarily of a litany of one-sided characterizations of the pace of discovery *to date*, but she offers no justifiable explanation as to why she cannot meet the remaining scheduling deadlines moving forward.  She does not explain why four months is insufficient time to complete fact discovery, particularly where document productions are substantially complete.  Relator says that she needs adequate time "to prepare and complete the dozens of depositions that will be necessary in this matter," (Mot. at 13,) but, to date, she has yet to request a *single* deposition or provide any reason why four months is not adequate time to take the depositions necessary in this case.  That is simply not sufficient to establish good cause to modify the Scheduling Order.

Relator also does not explain why three months is insufficient time to designate her expert(s), particularly where Censeo produced substantially all of their assessment forms and coding data—the materials that Relator identifies as subject to expert analysis—by June 22, 2017.  (App. at 3-4, Walker Decl. ¶ 8.) Her argument that she cannot disclose initial experts without information requested from Humana is misleading.  Censeo produced to Relator all codes submitted to Humana for 2012-2014 almost three months ago, on May 19, 2017. (App. at 7, Walker Decl. ¶ 16.) That information, combined with the assessments and other documents Censeo has produced, are sufficient for Relator's experts to complete their work.  Thus, the lack of information from Humana does not prevent Relator from otherwise complying with the discovery deadlines.  Furthermore, any exception to a discovery deadline that is necessary due to future delay in receiving information from Humana should be specific and tailored to the

particular category of data that is delayed and not a wholesale extension of discovery deadlines generally.  To the extent that it becomes necessary to allow consideration of information received from Humana after the fact discovery deadline, such a limited scope exception to the discovery deadline is far less likely to prejudice Defendants or require extending subsequent deadlines.  Because Relator offers no explanation about why she cannot meet the current fact and expert discovery deadlines—which remain months away—the first factor of the good cause analysis weighs against modifying those deadlines.

**B.      Relator fails to establish the importance of modifying fact and expert discovery deadlines.**

As noted above, Relator does not articulate why she will not be able to complete fact and expert discovery within the significant remaining time allowed for both functions.  As such, she similarly fails to establish why extending those deadlines is important to the case.  Because Relator does not even attempt to explain that importance, the second factor of the good cause analysis weighs against modifying the fact and expert discovery deadlines.

**C.      Modifying the fact and expert discovery deadlines would prejudice Censeo.**

Trial in this case is set for July 9, 2018.  The deadline for filing summary judgment motions is March 9, 2018.  That deadline is set for the minimum 120 days prior to the trial date and, as such, cannot be pushed back further.  The other deadlines in the case are based off of the summary judgment deadline, with fact discovery to close on November 30, 2017, and expert depositions to be completed by February 16, 2018—only three weeks prior to the summary judgment deadline.  Because Relator is not moving to extend the trial date or the summary judgment deadline, the new fact and expert discovery deadlines that Relator seeks would essentially collapse discovery into summary judgment, making it much more difficult for Defendants to present comprehensive summary judgment motions.  Indeed, Relator now seeks to

14

have fact discovery conclude on the same day that summary judgment motions are due and to have expert discovery continue past the summary judgment deadline.  Defendants should not be required to prepare summary judgment briefs while discovery is ongoing and facts continue to develop and be discovered, particularly where the current fact discovery deadline is still four months away.

To have to begin trial—an extremely resource-intensive phase of any litigation—before the Court has ruled on motions for summary judgment would severely prejudice Censeo and potentially needlessly waste the Court's time.  Given that three months remain to make initial expert disclosures and four months remain to complete fact discovery, it would be unduly prejudicial for Censeo not to have sufficient time after the close of fact discovery to prepare its summary judgment motion.  Because extending the fact and expert discovery deadlines would prejudice Censeo, the third factor of the good cause analysis weighs against modifying those deadlines.

## D.       A continuance cannot remedy the prejudice to Censeo.

As discussed above, Relator has not moved for a continuance, and the Court has ordered that it will only reset the trial date in "truly extraordinary circumstances."  (Dkt. No. 121 ¶ 14.) Because Relator fails to explain why she cannot meet the fact and expert discovery deadlines or why extending those deadlines is important to the case, she necessarily fails to establish extraordinary circumstances that could warrant continuing the trial date.  This case already has been pending for over three years.  Moreover, as described above, a continuance would require Censeo to continue to bear the extreme costs of defending this long-pending lawsuit for even longer, which would only prejudice Censeo further.  Thus, the fourth factor of the good cause analysis strongly weighs against modifying the fact and expert discovery deadlines.

15

## **CONCLUSION**

Censeo has expended an extraordinary amount of time and resources in a good faith effort to satisfy its discovery obligations in a timely manner.  Now that Censeo has pressed for months to produce documents in a manner and on a schedule that allows ample time for the deadlines in the Scheduling Order to remain intact, Relator seeks to dismantle the Scheduling Order and create a series of impractical and unworkable deadlines.  Yet, Relator offers no explanation whatsoever about why she cannot meet the existing deadlines, what she intends to do with the additional time she has requested, or why it is important to the case that the deadlines be extended.  Failure to provide such explanation fails as a matter of law to establish good cause to modify the Scheduling Order.  This case has been pending against Censeo for years, and Censeo is entitled to see it move reasonably toward resolution, particularly absent *any* explanation about why further delay is warranted. For these reasons and all of the reasons explained above, Censeo respectfully requests that the Court deny Relator's Motion to Extend Certain Deadlines in the Court's Scheduling Order.


Dated: August 9, 2017

Respectfully submitted,

/s/ *Elizabeth D. Scott*
Elizabeth D. Scott
Texas Bar No. 24059699
AKIN GUMP STRAUSS HAUER & FELD
LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201-4624
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

Brian D. Roark
Tennessee State Bar No. 20262
J. Taylor Chenery
Tennessee State Bar No. 27147
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
(admitted *pro hac vice*)

Robert S. Salcido
D.C. Bar No. 447951
AKIN GUMP STRAUSS HAUER & FELD
LLP
1333 New Hampshire Ave., N.W.
Washington, DC 20036-1564
Telephone: (202) 887-4095
Facsimile: (202) 877-4288
rsalcido@akingump.com
(admitted *pro hac vice*)

*Attorneys for Defendants Censeo Health LLC
and Joy Ridlehuber*

17

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2017, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system, which will send notification of such filing to the parties' counsel of record.


/s/ *Elizabeth D. Scott*