UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BECKY RAMSEY-LEDESMA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-cv-0118-M |
| CENSEO HEALTH, LLC, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is a Motion to Extend Certain Deadlines in the Court's Scheduling Order [ECF #179], filed by Relator Becky Ramsey-Ledesma. Pursuant to the Court's Scheduling Order, this case is set for trial on the Court's three-week docket beginning July 9, 2018. *See* Sched. Ord. [ECF #121]. The Scheduling Order, as amended, also establishes the following deadlines:

1. Amendment of pleadings and joinder of parties is due by August 1, 2017;

2. Initial designation of experts is due by October 31, 2017;

3. All fact discovery must be concluded by November 30, 2017;

4. All original expert depositions must be concluded by December 15, 2017;

5. Responsive designations of experts are due by January 3, 2018;

6. All rebuttal experts must be deposed by February 16, 2018;

7. Objections to experts are due by March 9, 2018; and

8. Dispositive motions are due by March 9, 2018.

*Id.*; *see also* Stip. [ECF #151]. By her Motion, Relator seeks extensions of (1) the deadline to join parties and amend pleadings and (2) the deadlines for fact and expert discovery, due to

1

delays in document production. The Motion is DENIED.

Under Fed. R. Civ. P. 16(b)(4), a Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To meet the good cause standard, the party seeking to modify the scheduling order must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. S*ee S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). Here, Relator complains of the "slow pace" of Defendant's discovery productions and other delays in securing documents from third parties. Relator argues that she has not had adequate time to review the discovery and determine whether any amendments are warranted or additional parties should be joined. Relator further argues that she needs more time to analyze Defendants' document productions before she can be prepared to take any fact or expert witness depositions in this case.

None of Relator's arguments establish good cause to modify the Scheduling Order. This case has been pending since January 15, 2014. Relator has amended her Complaint on two prior occasions, and she declined the Court's invitation to file a Third Amended Complaint following the Court's decision on Defendants' motions to dismiss. The deadline for amending pleadings and joining additional parties has already been extended from May 18, 2017 to August 1, 2017. Relator does not explain what claims or parties she may need to add or what evidence would justify making any such additions at this point in the litigation. Instead, Relator's request to further extend the deadline is apparently based only on her speculation that further review of Defendants' documents might reveal a basis for "possible amendments and possible additional parties." Def. Mot. at 12. Relator's vague suspicion that further discovery may reveal additional claims and/or parties does not suffice to establish good cause to modify the Scheduling Order.

With regard to her request to extend the discovery deadlines, Relator has not shown that,

despite her diligence, she cannot reasonably meet the deadlines set forth in the Scheduling Order. Indeed, Relator has not shown that she has attempted to schedule any depositions to date. Further, the deadlines for completing fact and expert discovery are still more than three months away. Accordingly, the Court finds that Relator's request regarding discovery deadlines is premature.

    Relator's Motion [ECF #179] is DENIED.

    **SO ORDERED**.

    August 23, 2017.

BARBARA M.G. LYNN
CHIEF JUDGE